UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZHENDONG LIU,
*Individually and on behalf of all other employees similarly situated*,

                Plaintiff,

   -against-

LITTLE SAIGON CUISINE INC.,
*d/b/a Little Saigon Cuisine*, and
CHRISTY ZHANG,

                Defendants.
-----------------------------------------------------------X

ORDER
18-cv-2181 (RPK) (VMS)

RACHEL P. KOVNER, United States District Judge:

Before the Court are plaintiff's related motions *in limine* and for sanctions under Federal Rules of Civil Procedure 16, 26, and 37. Plaintiff requests that the Court (i) sanction defendants for failing to comply with pretrial orders; (ii) preclude defendants from introducing the corporate defendant's tax returns at trial; and (iii) preclude defendants from introducing pay receipts at trial. *See* Mot. *in Limine* and Mot. for Sanctions ("First Mot.") (Dkt. #44); Mot. *in Limine* ("Second Mot.") (Dkt. #45). For the reasons that follow, I deny these requests.

## DISCUSSION

I.     Sanctions Under Fed. R. Civ. P. 16(f)

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 16(f), which permits a court to impose "any just" sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Courts have significant discretion to determine appropriate sanctions under Rule 16(f). *See* 6A C. Wright, A. Miller, M. Kane, & A. Spencer, *Federal Practice and Procedure* § 1531 (3d ed.);

*see also Huebner v. Midland Credit Management, Inc.*, 897 F.3d 42, 53-55 (2d Cir. 2018) (reviewing imposition of sanctions under Rule 16(f) for abuse of discretion).

Plaintiff argues that sanctions are warranted because of two discovery violations. First, plaintiff argues that sanctions are warranted because defendants failed to produce the complete and unredacted versions of the corporate defendant's tax returns on the schedule set by the Court. *See* First Mot. 1-2. Specifically, plaintiff notes, defendants did not produce those documents until April 21—even though, on March 17 of this year, I directed defendants to produce the complete tax returns by March 31. *Id.* at 1; *see* Order (Mar. 17, 2020). Second, plaintiff asserts that defendants should be sanctioned because they failed to timely notify plaintiff that they were unable to schedule a date for plaintiff's deposition of the third-party accountant who prepared the corporate defendant's tax returns. First Mot. 2.

I decline to sanction defendants on these grounds. While defendants did not produce the tax returns or seek an extension before the March 31 deadline for their production, they requested a stay of "all deadlines" just two days later. And their application indicates that the production had been hampered by genuinely unanticipated events: Counsel noted that his office had been closed since March 22 in accordance with the stay-at-home order in place in New York, that he did not have access to his files, and that he had not been able to communicate with his clients. Def.'s Letter (Apr. 2, 2020) (Dkt. #43). Thereafter, at a status conference on April 20, defendants' counsel represented that he had very recently received the tax returns and would forward them to plaintiff as quickly as possible. *See* Order (Apr. 20, 2020). According to plaintiff, defendants produced the complete returns by e-mail the next day. First. Mot. 1. I do not find sanctions warranted on these facts. While defendants should have requested an extension before the March 31 production deadline passed, they requested a stay of all deadlines

only two days later.  And defendants have now produced the complete tax returns, well in advance of trial.

I also do not find sanctions warranted in connection with the deposition of the third-party accountant.  During the status conference on April 20, the parties agreed to work together to set a date for that deposition in advance of a pretrial conference on May 22.  And defendants represented that they would get in touch with the accountant.  *See* Order (Apr. 20, 2020).  Plaintiff now complains that defendants did not notify him until a few days before the scheduled pretrial conference that they had been unable to set a date for the deposition with the accountant.  That chain of events does not justify sanctions because defendants did not violate any pretrial order concerning the deposition.  Although I encouraged the parties to work together to set a date for the deposition, I did not order defendant to take charge of it.  Plaintiff was free to issue a third-party subpoena at any time, and he has now done so.  *See* Notice of Subpoena (Dkt. #46).

II.      Discovery Obligations Under Fed. R. Civ. P. 26

Plaintiff next contends that defendants should be precluded from offering the corporate defendant's tax returns and certain pay receipts as evidence at trial because defendants failed to timely produce those documents under Federal Rule of Civil Procedure 26.  *See* First. Mot. 1-2; Second Mot. 3-5.  Under Rule 26(a)(1), a party's initial disclosure must include "a copy—or a description by category and location—of all documents . . . that the disclosing party has . . . and may use to support its claims or defenses" for a reason other than impeachment.  Rule 26(a)(3) provides that parties must identify "each document or other exhibit" that they expect to offer at trial for a reason other than impeachment at least 30 days before trial.  A party must supplement its Rule 26(a) disclosures "in a timely manner" if it learns that a disclosure was incorrect or incomplete in some "material respect" or "as ordered by the court."  Fed. R. Civ. P. 26(e).

3

Generally, a party that fails to comply with Rule 26(a) or (e) may not use the undisclosed information as evidence at trial unless the party's failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *cf. Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006). To determine whether a failure to disclose was substantially justified or harmless, courts in this Circuit consider four factors: (i) the offending party's "explanation for the failure to comply with the disclosure requirement;" (ii) the "importance" of the evidence; (iii) the prejudice to the opposing party "as a result of having to prepare to meet the new" evidence; and (iv) the "possibility of a continuance." *Design Strategy, Inc.*, 469 F.3d at 296 (alteration omitted).

I decline to preclude defendants from offering the tax returns at trial under Rule 26. Defendants did not violate Rule 26(a)(3) because they identified—and produced—the complete tax returns more than 30 days before trial. And assuming *arguendo* that defendants violated Rule 26's initial disclosure requirements, defendants' delay in producing the complete tax returns was harmless. Plaintiff was not prejudiced because defendants had made clear their intent to rely on the tax returns for many months, *see* Proposed Pretrial Order (Oct. 18, 2019) (Dkt. #36), and because plaintiff received the complete returns well before the date set for trial. Moreover, I have continued the trial from early June to early August, in part to accommodate plaintiff's request to depose the accountant who prepared the tax returns. *See* Order (May 22, 2020).

Plaintiff has also not established that defendants should be precluded from offering at trial the pay receipts that defendants have listed as one of their two trial exhibits. *See* Proposed Pretrial Order (Oct. 18, 2019). After plaintiff asserted that defendants failed to disclose those exhibits, defendants filed a copy of what appears to be a disclosure of the pay receipts to plaintiff

4

on June 12, 2018.  *See* Def.'s Response (Dkt. #47).  Because it appears that defendants did timely produce the pay receipts, I deny plaintiff's request to preclude them.

III.     Authentication of Tax Returns

In a single sentence in his motion *in limine*, plaintiff also states that "[t]he unredacted tax returns appear to be unreliable as they do not bear the Defendants['] signature and the tax returns apparently untruthfully reported the employees' salary."  First Mot. 2; *see* Second Mot. 4.  To the extent that plaintiff is challenging the tax returns as unauthenticated under Federal Rule of Evidence 901, that challenge is premature.  Defendants will bear the burden of authenticating the tax returns before they are admitted into evidence at trial.

## CONCLUSION

For these reasons, plaintiff's motions at Dkt. #44 and Dkt. #45 are denied.


SO ORDERED.

 _/s/ Rachel Kovner_
RACHEL P. KOVNER
United States District Judge

Dated: July 8, 2020
       Brooklyn, New York