UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ZHENDONG LIU, individually and on behalf
of all other employees similarly situated,

                      Plaintiff,

                - against -

LITTLE SAIGON CUISINE INC., d/b/a Little
Saigon Cuisine, and CHRISTY ZHANG,

                     Defendants.
------------------------------------------------------------ X

**REPORT AND RECOMMENDATION: CERTIFICATION OF FACTS FOR FINDING OF CONTEMPT**

18 Civ. 2181 (RPK) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Before this Court is Plaintiff Zhendong Liu's letter motion requiring non-parties Income Tax Consultants LLC and Michael Y. Liu to show cause as to why they should not be held in contempt for their failure to produce relevant documents and appear for a deposition in response to a subpoena. Income Tax Consultants LLC and Michael Y. Liu failed to respond to the motion or appear for a Court-ordered telephone conference regarding Plaintiff's letter motion. For the reasons that are set forth below, in consultation with the Chambers of the Honorable Rachel P. Kovner, it is hereby ordered that Income Tax Consultants LLC and Michael Y. Liu appear before District Judge Kovner on August 5, 2020 at 3:00 PM, via telephone, to show cause as to why they should not be held in civil contempt and punished for such contempt.[1]

      Contempt sanctions may include but are not limited to an award of attorneys' fees and costs, monetary sanctions, arrest and incarceration. See Local Civ. R. 83.6(c). "It is well settled in this Circuit that costs, including reasonable attorneys' fees, may be awarded to the party who

---

[1] Plaintiff's counsel, Defendants' counsel, and Income Tax Consultants LLC and Michael Y. Liu are directed to call (888) 278-0296 and type in the access code 2012636 to join the conference.

1

prosecutes a contempt motion as an appropriate compensatory sanction for contumacious behavior." Amaker v. Goord, No. 06 Civ. 490A (RJA) (HKS), 2013 WL 6837460, at *2 (W.D.N.Y. Dec. 23, 2013) (citing N.Y. State Nat'l Org. for Women v. Terry, 952 F. Supp. 1033, 1043, aff'd, 159 F.3d 86 (2d Cir. 1998)); see Shady Records, Inc. v. Source Enters., Inc., 351 F. Supp. 2d 64, 73-74 (2d Cir. 2004) (awarding plaintiff court costs and reasonable attorneys' fees incurred in prosecuting contempt motion); Filmvideo Releasing Corp. v. Hastings, 517 F. Supp. 66, 68 (S.D.N.Y. 1981) (same). Courts may also utilize incarceration as a coercive sanction for civil contempt. See Safeco Ins. Co. of Am. v. M.E.S., Inc., No. 09 Civ. 3312 (PKC) (VMS), 2014 WL 12834210, at *1 (June 27, 2014) ("Incarceration under a civil contempt order pending compliance with the Court's orders is within the Court's authority and is a well-recognized method of coercing compliance with court orders.") (citation omitted), R&R adopted, Dkt. Entry (E.D.N.Y. Jul. 23, 2014). In light of Income Tax Consultants LLC's and Michael Y. Liu's willful disobedience of a clear and unambiguous order, attorneys' fees and costs, and incarceration are among the sanctions that the District Judge may consider and impose. Income Tax Consultants LLC and Michael Y. Liu are hereby given notice that they may be represented by counsel in the contempt proceedings. If arrest for contempt is possible and Income Tax Consultants LLC or Michael Y. Liu cannot afford counsel, the Court will appoint counsel at its expense.

**I.     CIVIL CONTEMPT AUTHORITY OF MAGISTRATE JUDGES**

Pursuant to the Federal Magistrate Act, magistrate judges have "limited contempt authority." 28 U.S.C. § 636(e). Where, as here, the parties have not consented to the jurisdiction of a magistrate judge, a magistrate judge is not empowered to issue a final contempt order. See id. Instead,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

Id. § 636(e)(6)(B)(iii); see Trs. of Empire State Carpenters Annuity v. Duncan & Son Carpentry, Inc., No. 14 Civ. 2894 (SJF) (SIL), 2015 WL 3935760, at *3 (E.D.N.Y. June 16, 2015) ("[T]he magistrate judge functions only to certify the facts and not to issue an order of contempt.") (citation & internal quotation marks omitted). In certifying the facts, "the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima face case of contempt." Id. (citation & internal quotation marks omitted). "Upon certification, the district court is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made." Fed. Ins. Co. v. CAC of N.Y., Inc., No. 14 Civ. 4132 (DRH) (SIL), 2016 WL 1559153, at *1 (E.D.N.Y. Apr. 18, 2016) (citing Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008)) (internal quotation marks omitted).

## II.   CERTIFICATION OF FACTS

Pursuant to Section 636(e), this Court certifies the following facts to the District Judge in support of finding a prima facie case of contempt.

### A.   Relevant Procedural History

Plaintiff Zhendong Liu ("Plaintiff") commenced this action against Defendants Little Saigon Cuisine Inc. d/b/a Little Saigon Cuisine and Christy Zang ("Defendants") alleging violations of the Fair Labor Standards Act and New York Labor Law arising from Defendants' failure to, inter alia, pay minimum wages, overtime wages and spread-of-hour premiums. See generally ECF No. 1. Defendants filed an answer generally denying Plaintiff's allegations and asserting affirmative defenses. See generally ECF No. 8.

On June 19, 2018, this Court held an initial conference and set a discovery schedule. See ECF No. 15; Dkt. Entry 6/19/18. On July 5, 2019, the Parties reported that discovery was complete and, accordingly, discovery was certified as complete by this Court. See ECF No. 28; Dkt. Entry 7/8/19. At a conference to review the Parties' jointly proposed pretrial order, Plaintiff's counsel reported that Defendants failed to produce relevant documents during discovery. See Dkt. Entry 9/11/19; ECF No. 52 at 7:20-8:6. Accordingly, this Court re-opened discovery for the limited purpose of allowing Defendants to produce complete tax returns and documents relating to Plaintiff's employment. See ECF No. 33; Dkt. Entry 10/23/19; ECF No. 52 at 12:24-13:25. Defendants were directed to produce such documents on or before September 30, 2019. See ECF No. 52 at 24:24-25:10.

On October 15, 2019, Defendants reported that responsive documents were produced as directed by this Court. See ECF No. 34. Defendants also requested a pre-motion conference in relation to their proposed motion for summary judgment. See id. District Judge Block held the pre-motion conference on January 15, 2020, but Plaintiff's counsel failed to appear. See Dkt. Scheduling Order 1/15/2020. On consent of Defendants' counsel, the pre-motion conference was adjourned to March 5, 2020. See id. On January 28, 2020, this case was reassigned to District Judge Kovner. See Dkt. Entry 1/28/20. Judge Kovner rescheduled the pre-motion conference for March 16, 2020. See Dkt. Scheduling Order 2/11/20.

At the pre-motion conference held before Judge Kovner, the Parties agreed to proceed to bench trial in lieu of litigating the motions for summary judgment. See Dkt. Entry 3/17/2020. The Court directed Defendants to produce, by March 31, 2020, the complete and unredacted copies of all tax returns on which they plan to rely on at trial. See id. The Court also directed

Plaintiff to file, by March 20, 2020, a letter regarding the request to depose the accountant that prepared Defendants' tax returns. See id.

As directed by the Court, Plaintiff filed a letter motion to reopen discovery for the purpose of allowing Plaintiff to subpoena Defendant's accountants. See ECF No. 42. Plaintiff argued that the tax returns produced by Defendants were not properly authenticated. See id. The Court granted Plaintiff's motion, in part. See Dkt. Order 4/15/20. The Court found that "good cause exists to reopen discovery for the limited purpose of permitting [P]laintiff to depose – in an expeditious manner – the accountant(s) who prepared and filed the tax returns that have been produced by the [D]efendants." See id. Judge Kovner held a telephone conference to discuss the timing of Plaintiff's subpoena. See Dkt. Entry 4/20/20. The Parties agreed to work together to set a date for the accountant's deposition in advance of the pre-trial conference scheduled for May 22, 2020. See id.

### B. Plaintiff's Motion For Order To Show Cause

On June 26, 2020, Plaintiff moved for an order to show cause against Income Tax Consultants LLC and Michael Y. Liu ("Non-Party Witnesses") why they should not be held in contempt for failure to respond to a subpoena and why they should not be compelled to comply with the subpoena. See ECF Nos. 48-49. On May 27, 2020, the Clerk of the Court issued subpoenae to Non-Party Witnesses for production of documents and oral examination. See ECF Nos. 46; 48-1 ¶ 2. Plaintiff served the subpoenae upon Non-Party Witnesses via personal service on May 28, 2020. See id. ¶ 3. On June 9, 2020, Plaintiff's counsel attempted to contact Non-Party Witnesses to schedule the deposition. See id. ¶¶ 4-6. On June 17, 2020, Plaintiff's counsel received a message from Mr. Liu, who represented that he has no documents related to this action. See id. ¶ 7. On June 25, 2020, Plaintiff's counsel spoke to Mr. Liu, who stated that

5

neither he nor a representative for Income Tax Consultants LLC would appear for a deposition. See id. ¶ 9. Mr. Liu allegedly stated that Non-Party Witnesses would ignore the subpoenae.[2] See id. According to Plaintiff's counsel, Mr. Liu stated that Defendants' counsel informed him not to appear for the deposition. See id. ¶ 10.

On June 29, 2020, Defendants filed an affidavit relating to Plaintiff's motion. See ECF No. 49. Defendants took no position regarding Plaintiff's request for relief against Non-Party Witnesses, but Defendants' counsel reported certain details of his conversation with Mr. Liu. See id. ¶ 11. According to Defendants' counsel, in May 2020, he reached out to Mr. Liu to set a date for his deposition. See id. ¶ 5. On the call, Mr. Liu allegedly asked Defendants' counsel to speak to his attorney and hung up without providing further information. See id. ¶ 5. Defendants' counsel represented that was the extent of his exchange with Mr. Liu. See id. ¶ 10. Defendant's counsel stated, "[a]t no time have I ever informed [Mr. Liu], or anyone else, that he should not comply with the subpoena." See id.

This Court issued an order directing Non-Party Witnesses to show cause on or before July 15, 2020, why they should not be held in contempt for failing to respond to Plaintiffs' subpoenae. See Dkt. Order 7/9/20. This Court also scheduled a July 16th telephonic hearing on Plaintiff's motion and directed Non-Party Witnesses to appear. See Dkt. Order 7/9/20. Plaintiff

---

[2] The failure to comply with the subpoena provides grounds for this Court to hold Non-Party Witnesses in contempt under Federal Rule of Civil Procedure 45. See Fed. R. Civ. P. 45(g) ("(T)he issuing court [] may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.[]"); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991) ("[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court."). However, as noted by the Second Circuit, a subpoena obtainable as a matter of course from the Clerk of the Court is not of the same order as a subpoena issued by a judicial officer. See Daval Steel Prods., 951 F.2d at 1364. Further, because Non-Party Witnesses more than failed to obey subpoenae, this Court proceeds to analyze Plaintiff's motion under the Federal Magistrate Act.

served copies of the Order and the disputed subpoena upon Non-Party Witnesses by overnight mail and email.  See id.; ECF No. 51.

Non-Party Witnesses failed to oppose Plaintiff's motion or to show cause why they should not be held in contempt for failing to comply with Plaintiff's subpoenae.  See generally Dkt.  Non-Party Witnesses failed to appear at the hearing, through counsel or otherwise.  See Dkt. Entry 7/16/20.  At the telephonic hearing on July 16, 2020, Plaintiff's counsel reported that he had had no further contact with Non-Party Witnesses.  See ECF No. 53 at 4:17-4:24.  Defendant's counsel reported the same.  See id. at 4:25-5:2.  Despite allowing Non-Party Witnesses half an hour to appear at the hearing, no one appeared on behalf of Non-Party Witnesses.  See id. at 5:3-7.

### III.   DISCUSSION

To obtain a contempt order, the moving party must establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."  Perez v. Danbury Hosp., 347 F.3d 419, 423-24 (2d Cir. 2003) (citing King v. Allied Vision Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)).  This Court finds that these three elements have been satisfied.  See Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 120 (E.D.N.Y. 2008) (finding that all three elements necessary to certify contempt was established where defendant's principal failed to appear before the court and explain why an order of contempt should not issue).

Here, this Court issued a clear and unambiguous order.  "A clear and unambiguous order is one that leaves 'no uncertainty in the minds of those to whom it is addressed.'"  King, 65 F.3d at 1058 (quoting Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir. 1988)).

This Court's July 9, 2020 Order clearly sets forth a July 15, 2020 as the deadline by which Non-Party Witnesses should show cause why they should show cause why they should not be held in contempt for failing to comply with Plaintiff's subpoenae.  See Dkt. Order 7/9/20.  The Order also explicitly orders Non-Party Witnesses to appear for a telephonic hearing scheduled for July 17, 2020 at 2:30 PM.  Thus, the first prong to find contempt is satisfied.

There is also clear and convincing evidence that Non-Party Witnesses failed to comply with this Court's clear and unambiguous July 9, 2020 Order.  "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred."  Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002) (citations omitted).  Here, Plaintiff served copies of this Court's July 9, 2020 Order, along with copies of the disputed subpoenae, via overnight mail and email upon Non-Party Witnesses.  See ECF No. 51.  Yet, Non-Party Witnesses never responded to Plaintiff's motion, by filing an opposition or otherwise, and they failed to appear for the scheduled hearing.  These acts of noncompliance by Non-Party Witnesses are sufficient to satisfy the second element of contempt.

Nothing suggests that Non-Party Witnesses attempted to comply with this Court's Order.  A court can hold a party in contempt if he "has not been reasonably diligent and energetic in attempting to accomplish what was ordered."  In re Harripersad, No. 18 Civ. 2092 (NG), 2019 WL 1499194, at *5 (E.D.N.Y. Apr. 5, 2019) (quoting Equal Emp't Opportunity Comm'n v. Local 638, 753 F.2d 1172, 1178 (2d Cir. 1985)) (internal quotation marks omitted).   Here, Non-Party Witnesses have made no effort to respond to Plaintiff's motion, even after the July 15 deadline set by this Court, and have not explained its failure to attend the hearing since July 16, 2020.  Non-Party Witnesses also have not contacted the Court, contacted Plaintiff's counsel, or

8

otherwise demonstrated any effort to comply with this Court's Order.  This noncompliance is consistent with Plaintiff's counsel's statement regarding Mr. Liu's statement that Non-Party Witnesses would ignore the subpoenae.  See ECF No. 48-1 ¶ 9.  Therefore, the third element of contempt has also been established.

## IV.     CONCLUSION

Accordingly, the facts above are certified to the District Court for contempt proceedings pursuant to 28 U.S.C. § 636(e).  Given these facts, appropriate sanctions should be imposed against Income Tax Consultants LLC and Michael Y. Liu to secure compliance with the Court's orders and to compensate Plaintiff.  See Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004) ("The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged.").

## V.      OBJECTIONS

A copy of this report and recommendation is being provided to Plaintiff's counsel and Defendants' counsel via ECF.  Plaintiff is directed to serve copies of this report and recommendation by overnight mail to Non-Party Witnesses at the addresses set forth below and to file proof of service on or before July 23, 2020.  The Clerk of the Court is respectfully requested to mail copies of this report and recommendation to Non-Party Witnesses at the following addresses: (i) Income Tax Consultants LLC, 39-07 Prince St., Suite 3F, Flushing, NY 11354; (ii) Michael Y. Liu, 39-07 Prince St., Suite 3F, Flushing, NY 11354.  This Court will email a copy of this report and recommendation to Non-Party Witnesses at <incometax3907@gmail.com>.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ.

9

P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision."). Counsel must adhere to any requirements for the conference before the District Judge on August 5, 2020 at 3:00 PM.

Dated: Brooklyn, New York
      July 21, 2020

                                        ____*Vera M. Scanlon*____
                                          VERA M. SCANLON
                                       United States Magistrate Judge