UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ZHENDONG LIU,
*Individually and on behalf of all other
employees similarly situated*,

                Plaintiff,                           **MEMORANDUM AND ORDER**

                -against-                             18-CV-2181 (RPK)

LITTLE SAIGON CUISINE INC.,
*d/b/a Little Saigon Cuisine*; and
CHRISTY ZHANG,

                Defendants.
-------------------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiff Zhendong Liu moves for a judgment of attorney's fees and costs. I grant the motion in part and award $15,781.25 in attorney's fees and $2,214.34 in costs.

## BACKGROUND

        Plaintiff Zhendong Liu brought this suit alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by his former employer, Little Saigon Cuisine Inc., and its owner, Christy Zhang. *See* Compl. (Dkt. #1). By and large, plaintiff's claims failed. During a one-day bench trial on August 10, 2020, I entered judgment for defendants on plaintiff's three FLSA claims: failure to reimburse for expenses relating to "tools of the trade," *see* Bench Trial Tr. 68:4–10; failure to pay the minimum wage, *see id.* at 68:11–69:10; and failure to pay overtime, *see ibid*.

        After trial, I entered judgment for defendants on three of plaintiff's NYLL claims and for plaintiff on two others. Defendants prevailed on plaintiff's NYLL claims for unpaid minimum wages; unpaid overtime; and unpaid spread-of-hours compensation. *See* Bench Tr. Op. 19, 23–25 (Dkt. #62). Plaintiff prevailed on his recordkeeping claims: that defendants failed to provide

1

plaintiff, "at the time of hiring," with the written wage notice required by NYLL § 195(1)(a), *see id.* at 25–27, and that defendants failed to provide plaintiff with regular wage statements, in violation of NYLL § 195(3)*, see id.* at 28–29.  I awarded plaintiff statutory damages of $7,500 for these two violations—$2,500 under § 195(1)(a) and $5,000 under § 195(3).  *See id.* at 31.

Plaintiff then filed a motion for attorney's fees and costs under the NYLL.  *See* Pl.'s Mem. in Supp. of Mot. for Atty.'s Fees & Costs (Dkt. #64) ("Pl.'s Mot.").  The application seeks $50,615.00 in attorney's fees for 170.7 hours of work by Hang & Associates PLLC, *see* Invoice 1–7 (Dkt. #65-1), along with $2,214.34 in costs, *see id.* at 7.

## DISCUSSION

For the reasons explained below, Zhendong Liu is entitled to $15,781.25 in attorney's fees and $2,214.34 in costs.

### I.   Attorney's Fees

New York law provides for an award of "costs and reasonable attorney's fees" to plaintiff. N.Y. Lab. Law § 198(1-b), (1-d).  Defendants are correct that plaintiff's recovery was modest.  *See* Defs.' Opp'n to Pl.'s Mot. 3 (Dkt. #68) ("Defs.' Opp'n") (contending that plaintiff should not recover fees because he prevailed on only "miscellaneous claims" yielding "totally 'nominal'" damages).  But the NYLL expressly provides for awards of attorney's fees and costs on recordkeeping claims despite the modest statutory caps on damages for such claims.  *See* N.Y. Lab. Law § 198(1-b), (1-d).  Accordingly, the modest amount of damages recovered does not justify refraining from making an award of fees.  *See Sanchez v. Oceanside First Class Roofing, Inc.*, 818 F. App'x 106, 107 (2d Cir. 2020).

The parties agree that the starting point for an attorney's fees calculation under the NYLL, as under the FLSA, is the lodestar method.  *See* Pl.'s Mot. 4; Defs.' Opp'n 3; *Sanchez v. First Class Home Improvement, LLC*, No. 16-CV-2064 (DRH) (ARL), 2019 WL 4593484, at *2–4

(E.D.N.Y. Sept. 23, 2019), *aff'd in part, rev'd in part*, 818 F. App'x 106; *see also Matakov v. Kel-Tech Const., Inc.,* 924 N.Y.S.2d 344, 346 (App. Div. 2011). The "lodestar," which "creates a presumptively reasonable fee," is defined as "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted). Factors that may inform whether a fee is reasonable include "[t]he time and labor required" in litigating a case," "[t]he novelty and difficulty of the questions" involved, "[t]he skill requisite to perform the legal service properly," "[t]he customary fee for similar work in the community," "[t]he experience, reputation, and ability of the attorneys," "[t]he . . . results obtained," and "[a]wards in similar cases." *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Lilly v. City of New York*, 934 F.3d 222, 233 (2d Cir. 2019) (explaining that the *Johnson* factors "remain important tools for helping district courts calculate the lodestar"). "The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable," *Samaniego v. HKS Builders & Consultants Inc.*, No. 19-CV-10283 (KPF), 2021 WL 638956, at *3 (S.D.N.Y. Feb. 17, 2021), and "must submit adequate documentation supporting the requested attorneys' fees and costs," *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).

      **A.    Reasonable Hourly Rates**

Attorney Shan Zhu's reasonable hourly rate is $175, Jian Hang's is $250, Lian Zhu's is $100, Keli Liu's is $200, and Rui Ma's is $200.

"The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly*, 934 F.3d at 231 (quoting *Arbor Hill Concern Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). Generally, courts "use the hourly rates

3

employed in the district in which the reviewing court sits," *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (citation omitted), "for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). But district courts have "considerable discretion[] to bear in mind *all* of the case-specific variables . . . relevant to . . . a reasonable hourly rate," including the attorney's experience and the complexity of the litigation. *Lilly*, 934 F.3d at 232 (quoting *Arbor Hill*, 522 F.3d at 190). In this district, "approved hourly rates for attorneys normally range from $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals." *Chocolatl v. Rendezvous Cafe, Inc.*, No. 18-CV-3372 (CBA) (VMS), 2019 WL 5694104, at *14 (E.D.N.Y. Aug. 16, 2019) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020).

Shan Zhu is entitled to $175 per hour for his work as lead trial counsel in his case. Shan Zhu was a junior associate who had just two years of litigation experience at the time of trial. And his presentation of his client's case—in which plaintiff was the sole witness—reflected a level of preparation too limited to support the $300 hourly fee plaintiff requests. Also relevant to Shan Zhu's rate, plaintiff's testimony at trial indicated serious deficiencies in the firm's pretrial preparations. As plaintiff admitted at trial, the complaint contained numerous material misrepresentations. Among them: (1) that plaintiff worked as a "food delivery worker" for defendants, *see* Compl. ¶ 7; Bench Trial Tr. 42:4–8 ("A: That is an inaccurate statement."); (2) that plaintiff had to purchase a car "with his own money" and "make repairs and maintenance to [that] vehicle in order to perform deliveries," *see* Compl. ¶ 90; Bench Trial Tr. 34:13–14 ("Q: So then you do not use a vehicle to make deliveries?" "A: I did not."); (3) that plaintiff "incurred a total of approximately $1,100 in [unreimbursed] tickets during the course of making deliveries for the

4

Defendants," *see* Compl. ¶ 90; Bench Trial Tr. 35:13–16 ("A: I have not had any ticket[s]."); and (4) that plaintiff "spent around $108 on average per week on gasoline for making food deliveries," *see* Compl. ¶ 90; Bench Trial Tr. 35:20–23 ("A: That's not accurate."). Each of these representations went to the heart of plaintiff's claims for unpaid wages and overtime. Overall, I join another court in this district in concluding that where, as here, "the pre-trial management of this case by [Hang & Associates] was uneven at best, leading to a trial that was marked by inadequate preparation and organization," reasonable hourly rates fall on the lower end of the normal range, *Lin v. La Vie En Schezuan Rest. Corp.*, No. 15-CV-9507 (DF), 2020 WL 1819941, at *4 (S.D.N.Y. Apr. 9, 2020)—in the case of Shan Zhu, $150 per hour. *See Cajero Torres v. Sushi Sushi Holdings Inc.*, No. 19-CV-2532 (PAE) (RWL), 2022 WL 2788655, at *7 (S.D.N.Y. Jul. 15, 2022) (same conclusion in prior case involving same lawyer).

A reasonable rate for firm principal Jian Hang is $250 per hour—at the low end of the range courts in this district typically award law firm partners. While the $350 per hour that Mr. Hang seeks falls within the "$200 to $450" courts in this district normally approve for law firm partners, *Chocolatl*, 2019 WL 5694104, at *14, that rate is not justified given the poor performance of plaintiff's attorneys in this case. As "the principal of [Hang & Associates]," Mr. Hang "is responsible for the work of" his entire litigation team. *La Vie En Schezuan*, 2020 WL 1819941, at *4. Accordingly, although Mr. Hang did not participate in the trial itself, "it is fair to consider both how this case was managed from its inception and how the trial itself was conducted in determining a reasonable hourly rate for his work." *Ibid.* What is more, Mr. Hang billed 3.7 hours (in six-minute increments) for tasks labeled merely "review court filing," "review court order," and "[r]eviewed ECF bounce," Invoice 1–6—vague entries that "[n]o reasonable client would pay $350 an hour for." *Cajero Torres*, 2022 WL 2788655, at *7. Given his firm's

5

overall performance and the information available to me about the nature of Mr. Hang's work on this case, $250 per hour is reasonable.

A reasonable rate for Lian Zhu is $100 per hour—the bottom of the typical range for junior associates. Lian Zhu drafted the complaint in this case as an attorney with around a year of experience in wage-and-hour litigation. Invoice 1; Decl. of Shan Zhu 3 (Dkt. #65) ("Zhu Decl."). While plaintiff has requested that Lian Zhu's work be valued at $250 per hour, $100 per hour is more appropriate given Lian Zhu's lack of experience and in view of the factual errors contained in the complaint. (It is worth noting, too, that another 1.1 hours of Mr. Hang's work on this case were spent "review[ing] and revis[ing]" the complaint that Lian Zhu drafted and "confirming [the] factual information" contained therein with his client, Invoice 1—further justification for his reduced hourly rate in this case.)

A reasonable rate for senior associate Keli Liu in this case is $200 per hour. Ms. Liu joined Hang & Associates in 2015 and has significant experience in wage-and-hour litigation. Zhu Decl. 2. Ms. Liu drafted several papers and motions in this case before turning the case over to Shan Zhu in advance of trial. Invoice 3. One court in this district awarded Ms. Liu $250 per hour. *See Luk v. ABNS NY Inc*, No. 18-CV-5170 (AMD), 2021 WL 829417, at *6 (E.D.N.Y. Feb. 9, 2021). Given the firm's overall performance in this case, however, an hourly rate of $200 is more reasonable here.

A reasonable rate for attorney Rui Ma in this case is $200. Mr. Ma handled most of the discovery in this case for plaintiff. Mr. Ma has litigated wage-and-hours cases since 2016, *see* Zhu Decl. 3, and at least one court in this district has awarded him a $250 hourly rate in the past. *See Cao v. Miyama, Inc.*, 15-CV-266 (JS) (ARL), 2020 WL 4808624, at *3 (E.D.N.Y. Aug. 18, 2020); *but see Liu v. Millenium Motors Sports*, *LLC,* No. 17-CV-6438 (RPK) (RER), 2021 WL 4268136,

at *11 (E.D.N.Y. May 24, 2021) (approving a $100 hourly rate for Mr. Ma where the firm failed to provide any biographical information for him), *report and recommendation adopted,* 2021 WL 3463193 (E.D.N.Y. Aug. 6, 2021).  As with attorney Liu, however, I conclude that a rate of $200 per hour is more reasonable given the firm's overall performance in this case.

### B.  Reasonably Expended Hours

Hang & Associates reasonably expended 170.7 hours on litigation in this case.

"In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999), as well as time entries that "are vague or otherwise inadequate to enable the court to determine the reasonableness of the work performed," *Wen v. Hair Party 24 Hours Inc.*, No. 15-CV-10186 (ER) (DF), 2021 WL 3375615, at *14 (S.D.N.Y. May 17, 2021) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)), *report and recommendation adopted*, 2021 WL 2767152 (S.D.N.Y. July 2, 2021).  To calculate reasonable hours expended in litigating a case, "[a] district court may . . . use a percentage deduction as a practical means of trimming fat from a fee application."  *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citation omitted).  But a court must have a good explanation for such a haircut.  *See, e.g.*, *Raja v. Burns*, 43 F.4th 80, 91 (2d Cir. 2022).

Defendants assert that "[h]ours were not reasonably expended" by plaintiff's lawyers, but their argument in support of this claim, in its entirety, comprises a single block quote from *Hensley*. Defs.' Opp'n 4–5 (quoting *Hensley*, 461 U.S. 424, 434).  The amount of time billed here—170.7 hours over the course of three years—is not grossly out of proportion with other cases of similar duration and complexity.  *See, e.g.*, *Luk*, 2021 WL 829417, at *7 (finding that it was reasonable for a firm to spent 165.4 hours litigating its client's FLSA and NYLL claims over just two years).

Nor is there evidence of the sort of "systematic overbilling" that has warranted percentage decreases in the past. *Sun v. Sushi Fussion Express, Inc.*, No. 16-CV-4840 (RPK) (LB), 2022 WL 2193441, at *4 (E.D.N.Y. Jun. 17, 2022) (reducing billable hours by 40% where, for example, the named partner "billed three-and-a-half hours to file the complaint, a task that should have taken support staff a fraction of that time," and another attorney "billed almost ten hours" on a single day "for 'inputting names into database' and 'verifying addresses'") (brackets omitted). A percentage haircut is especially unnecessary here, since most of the questionable line items in the invoice are attributable to Mr. Hang, and I have already "taken these matters into account in recommending reduced hourly rates." *Luk*, 2021 WL 829417, at *7 n.10; *see* pp. 5–6, *supra*.

All in all, I find that Hang & Associates reasonably billed 170.7 hours litigating this case.

**C.     Adjustment for Limited Success**

While these 170.7 hours worked at the reasonable hourly rates for each Hang & Associates attorney, *see* p. 3, *supra*, would yield a "lodestar" of $31.562.50, a 50% reduction is appropriate based on plaintiff's lack of success in this litigation.

Where a "plaintiff has achieved only partial or limited success," a reduction in the lodestar may be appropriate in two sets of circumstances. *Hensley*, 461 U.S. at 436. First, where "unsuccessful claims were based on different facts and different legal theories and thus 'bore no relation to the grant of relief,' the prevailing party generally is not entitled to compensation for work on the unsuccessful claims." *Raja*, 43 F.4th at 88 (quoting *Fox v. Vice*, 563 U.S. 826, 834 (2011)). Second, even if "the plaintiff's claims involve a common core of facts . . . and are therefore not severable," a reduction may be appropriate if "an award based on the total hours expended on the litigation . . . result[s] in an excessive amount." *Ibid.* (quoting *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004), and citing *Hensley*, 461 U.S. at 436). A district court should not reduce a fee "simply because the plaintiff failed to prevail on every contention raised in the

8

lawsuit," but instead should seek to award a reasonable fee based on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Ibid.* (quoting *Hensley*, 461 U.S. at 435). "[T]he most critical factor is the degree of success obtained," *ibid.* (quoting *Hensley*, 461 U.S. at 436), in terms of "[b]oth 'the quantity and quality of relief obtained,' as compared to what the plaintiff sought to achieve as evidenced in [the] complaint," *Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 106 (2d Cir. 2022) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008)).

The Second Circuit's decision in *Sanchez* is instructive. Plaintiffs brought claims for unpaid overtime under the FLSA and NYLL in addition to wage-notice and wage-statement claims under NYLL § 195(1)(a) and 195(3). *See Sanchez*, 818 F. App'x at 107. After a bench trial, the district court found for defendant on the plaintiffs' overtime claims "in large part because [it] found their testimony regarding their work schedule not credible." *Ibid.* But because the defendant "admitted it failed to provide [p]laintiffs with the required wage notices," the district court awarded plaintiffs $7,500 in statutory damages. *Ibid.* The district court calculated the lodestar amount as $62,985 and found plaintiff's claims to be "inextricably intertwined, such that fees could be awarded for all of the attorneys' work." *Ibid.* It then applied a 35% reduction "as a penalty for [p]laintiff's lack of credible testimony" to result in a final award of over $40,000 in fees. *Ibid.*

The Second Circuit reduced the award further. It concluded that "the district court should not have awarded fees related to Plaintiffs' claim for overtime wages, especially given that the district court found those claims 'concocted.'" *Ibid.* It also questioned the district court's conclusion that the wage-notice and overtime claims were intertwined, reasoning that "there [was] little common ground between the claims," since "the overtime claims required proof as to what hours [p]laintiffs worked, while the notice claims required only a showing that notice was not

9

given (which [defendant] admitted it failed to do)." *Id.* at 108. The court added that "the award of fees for failed claims based on false testimony is inappropriate." *Ibid.* So the Second Circuit reduced the lodestar amount "by half to reflect Plaintiffs' lack of success" and then applied the 35% false-testimony reduction to yield a fee award of just over $20,000. *Ibid.*; *compare Holick*, 48 F.4th at 107–08 (declining to follow *Sanchez* where there were "[n]o such credibility issues" and "the successful and unsuccessful claims . . . all required a parsing of the contracts between Plaintiffs and [defendants], an examination of how commissions were earned, and the formula that determined Plaintiffs' pay").

Three similarities between this case and *Sanchez* counsel in favor of a 50% lack-of-success reduction. First, as in *Sanchez*, plaintiff here succeeded only on his statutory notice claims, with his substantive claims for unpaid overtime, minimum wages, and spread-of-hours compensation (as well as all his FLSA claims) failing. Second, also as in *Sanchez*, defendants here essentially admitted to violating NYLL § 195(1)(a) and 195(3). *See* Bench Trial Tr. 108:21–23 (Defense counsel: "You'll have no argument from me that the defendant did provide any document that she was required to provide. She testified that she did not."); Bench Tr. Op. 19 ("[D]efendants concede that they failed to provide plaintiff with the[ required] wage notices."). As a result, the bulk of the parties' efforts at trial were directed toward plaintiffs' substantive wage claims, with little discussion of the notices required by Section 195(1)(a) and 195(3). And finally, like the district court in *Sanchez*, I found plaintiff's testimony in this case to be "largely not credible." Bench Tr. Op. 6. As detailed above, *see* pp. 4–5, *supra*, "plaintiff's complaint contain[ed] allegations that plaintiff acknowledged at trial were not true," and his trial testimony was riddled with "inconsistent statements throughout." Bench Tr. Op. 7. Accordingly, in view of the "quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in h[is]

10

complaint," *Holick*, 48 F.4th at 106 (internal quotation marks omitted), a 50% reduction in the lodestar amount yields a reasonable fee award in this case.

### D. Final Calculation

As explained above, I find that Shan Zhu's reasonable hourly rate for work on this case is $175, Jian Hang's is $250, Lian Zhu's is $100, Keli Liu's is $200, and Rui Ma's is $200. I then apply a fifty-percent across-the-board reduction to the hours expended in this action. Those calculations yield the following fees:

| Name | Reasonable Hourly Rate | Hours (Actual) | Hours (50% reduction) | Reasonable Fees |
|---|---|---|---|---|
| Shan Zhu | $175.00 | 99.90 | 49.95 | $8,741.25 |
| Jian Hang | $250.00 | 19.80 | 9.90 | $2,475.00 |
| Lian Zhu | $100.00 | 10.70 | 5.35 | $535.00 |
| Keli Liu | $200.00 | 19.30 | 9.65 | $1,930.00 |
| Rui Ma | $200.00 | 21.00 | 10.50 | $2,100.00 |
| **Total:** | | **170.70** | **85.35** | **$15,781.25** |

Accordingly, the reasonable fee in this case is $15,781.25.

### II. Costs

Costs "normally include[] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher*, 948 F.3d at 600 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)). Plaintiff seeks $2,214.34 in filing, service, translation, deposition, and transcript costs related to this action, *see* Zhu Decl. ¶ 10; Invoice 7. All of these expenses "are fair and reasonable and reflect common expenses in wage-and-hour cases in this district." *Li v. HLY Chinese Cuisine Inc.*, No. 18-CV-5077 (MMH), 2022 WL 1597302, at *8 (E.D.N.Y. Mar. 31, 2022). Beyond a cursory statement that they oppose plaintiff's fees-and-costs motion "in all respects," *see* Defs.' Opp'n at 5, defendants make no argument that these costs are unreasonable. Accordingly, I find that $2,214.34 is a reasonable amount of costs to award plaintiff in this action.

## CONCLUSION

Plaintiff's motion is granted in part. I award plaintiff $15,781.25 in attorney's fees and $2,214.34 in costs in conjunction with the judgment entered on May 2, 2022.

SO ORDERED.

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: February 6, 2023
        Brooklyn, New York